IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS SCOBELLITTI, <br><br> Plaintiff(s), <br><br> vs. <br><br> SAN FRANCISCO SHERIFF'S DEPARTMENT, et al., <br><br> Defendant(s). | No. C 06-5013 CRB (PR) <br><br> ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging unlawful arrest and harassment/threats at the jail. He also alleges that he is aware of much criminal activity on the part of the named deputies.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. See Pierson v. Ray, 386 U.S. 547, 555-558 (1967); Larson v. Neimi, 9 F.3d 1397, 1400 (9th Cir. 1993); Forster v. County of Santa Barbara, 896 F.2d 1146, 1147 (9th Cir. 1990). Plaintiff's allegations of unlawful arrest will be dismissed with leave to amend so plaintiff can allege, if possible, specific facts showing that the arrest in question was without probable cause or other justification. Plaintiff is advised that if he was on parole, only reasonable suspicion may have been required. Cf. Samson v. California, 126 S. Ct. 2193, 2202 (2006) (finding that suspicionless search of parolee, conducted under the authority of a California statute requiring that every prisoner eligible for release on state parole "shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause," did not violate the Fourth Amendment).

Plaintiff's allegations of harassment and threats at the jail are dismissed without leave to amend because it is well-established that allegations of harassment and threats are not cognizable under § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (harassment); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981) (harassment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (threats). If the named deputies' conduct has risen

2

to the objectionable level of deliberate indifference to plaintiff's health or safety, plaintiff must set forth specific facts in support of such a claim under § 1983.

### CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: April 25, 2007

CHARLES R. BREYER
United States District Judge

3