1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS SCOBELLITTI,               )
                                     )
            Plaintiff(s),            )        No. C 06-5013 CRB (PR)
                                     )
    v.                               )        ORDER OF SERVICE
                                     )
SAN FRANCISCO DEPUTY SHERIFF         )
JOHNSON, et al.,                     )
                                     )
            Defendant(s).            )
————————————————————————             )

        Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se

Second Amended Complaint ("SAC") alleging use of excessive force, unlawful

arrest and retaliation.  He seeks damages under 42 U.S.C. § 1983 and state law.

**DISCUSSION**

A.    Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

relief."  Id. § 1915A(b).

        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff alleges that, on or about November 2005, San Francisco Deputy Sheriff Johnson used excessive force by dragging him by his arms for a prolonged period of time and injuring him.  Plaintiff also alleges that, on or about May 12, 2006, San Francisco Deputy Sheriff Mike Anderson arrested him without any justification in retaliation for his having filed complaints against deputy sheriffs at the jail.  Plaintiff further alleges that San Francisco Deputy Sheriff Barvena was with Anderson when Anderson unlawfully arrested plaintiff, and yet failed to intervene.

Liberally construed, plaintiff's allegations appear to state cognizable claims for damages under § 1983 and California law for use of excessive force, unlawful arrest and retaliation.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (pro se pleadings must be liberally construed).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the SAC in this matter, all attachments thereto, and copies of this order on San Francisco deputy sheriffs Johnson, Mike Anderson and Barvena.  The clerk also shall serve a copy of this order on plaintiff.

2.    In order to expedite the resolution of this case, the court orders as follows:

a.    No later than 90 days from the date of this order, defendants

2

1   shall file a motion for summary judgment or other dispositive motion.  A motion

2   for summary judgment shall be supported by adequate factual documentation and

3   shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

4   include as exhibits all records and incident reports stemming from the events at

5   issue.  If defendants are of the opinion that this case cannot be resolved by

6   summary judgment or other dispositive motion, they shall so inform the court

7   prior to the date their motion is due.  All papers filed with the court shall be

8   served promptly on plaintiff.

9           b.     Plaintiff's opposition to the dispositive motion shall be filed

10  with the court and served upon defendants no later than 30 days after defendants

11  serve plaintiff with the motion.

12          c.     Plaintiff is advised that a motion for summary judgment

13  under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

14  case.  Rule 56 tells you what you must do in order to oppose a motion for

15  summary judgment.  Generally, summary judgment must be granted when there

16  is no genuine issue of material fact--that is, if there is no real dispute about any

17  fact that would affect the result of your case, the party who asked for summary

18  judgment is entitled to judgment as a matter of law, which will end your case.

19  When a party you are suing makes a motion for summary judgment that is

20  properly supported by declarations (or other sworn testimony), you cannot simply

21  rely on what your complaint says.  Instead, you must set out specific facts in

22  declarations, depositions, answers to interrogatories, or authenticated documents,

23  as provided in Rule 56(e), that contradicts the facts shown in the defendant's

24  declarations and documents and show that there is a genuine issue of material

25  fact for trial.  If you do not submit your own evidence in opposition, summary

26  judgment, if appropriate, may be entered against you.  If summary judgment is

27

28                                                      3

1   granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

2   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

3          Plaintiff is also advised that a motion to dismiss for failure to exhaust

4   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

5   case, albeit without prejudice.  You must "develop a record" and present it in

6   your opposition in order to dispute any "factual record" presented by the

7   defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

8   n.14 (9th Cir. 2003).

9          d.     Defendants shall file a reply brief within 15 days of the date

10  on which plaintiff serves them with the opposition.

11         e.     The motion shall be deemed submitted as of the date the

12  reply brief is due.  No hearing will be held on the motion unless the court so

13  orders at a later date.

14      3.     Discovery may be taken in accordance with the Federal Rules of

15  Civil Procedure.  No further court order is required before the parties may

16  conduct discovery.

17      4.     All communications by plaintiff with the court must be served on

18  defendants, or defendants' counsel once counsel has been designated, by mailing

19  a true copy of the document to defendants or defendants' counsel.

20      5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must

21  keep the court and all parties informed of any change of address and must comply

22  with the court's orders in a timely fashion.  Failure to do so may result in the

23  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

24  SO ORDERED.

25  DATED:   April 8, 2008          _____

26                                  CHARLES R. BREYER
                                    United States District Judge

27

28  G:\PRO-SE\CRB\CR.06\Scobellitti1.serve.wpd              4